# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>JOHN J. FEEHAN, III<br><br>                        Debtor,<br>_____<br>JOHN J. FEEHAN, III<br><br>                        Appellant,<br><br>vs.<br><br>PNC BANK, NATIONAL ASSOCIATION SBM TO NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK,<br><br>                        Appellee. | CASE NO. 11cv238-IEG(NLS)<br><br>Order Denying Appeal |

Debtor/Appellant John J. Feehan, III ("Feehan") appeals the Bankruptcy Court's order granting Creditor/Appellee PNC Bank's motion to lift the automatic stay in order to proceed with state law remedies regarding Feehan's failure to satisfy his mortgage obligations, as well as the subsequent order denying his motion to vacate that order. Feehan argues PNC Bank failed to serve form CSD-1185 (entitled "Notice of Filing a Motion for Relief from Stay"), such that he did not know how or when to oppose the motion for relief from stay. For the reasons explained herein, the appeal is DENIED.

### *Background*

PNC Bank held a deed of trust on Feehan's property located in Escondido, California, securing a mortgage in the original principal amount of $474,900. On March 24, 2010, Feehan filed a voluntary Chapter 13 bankruptcy petition. On June 8, 2010, the case was converted to one under Chapter 7. On July 23, 2010, PNC Bank filed its motion for relief from the bankruptcy stay. The motion was based upon the following facts: (1) there was no equity in the property, (2) the property was not necessary for effective reorganization, (3) PNC Bank's interest in the property was not protected by an adequate equity cushion, and (4) Feehan was substantially delinquent on the payments due under the loan. PNC Bank contends it served the CSD-1185 upon Feehan along with its motion, and filed with the Bankruptcy Court a proof of service of such notice. The form notifies a debtor that a motion for relief from the automatic stay has been filed and the time within which any opposition to the motion must be filed. On August 12, 2010, having received no opposition to the motion for relief from the stay, the Bankruptcy Court granted the motion.

On September 22, 2010, the bankruptcy case was closed without discharge due to Feehan's failure to file the required Proof of Completion of Instruction Course Concerning Personal Financial Management ("Financial Management Certificate"). On September 29, 2010, Feehan filed a motion to reopen the Chapter 7 case in order to file the required Financial Management Certificate. On October 5, 2010, Feehan filed a motion to vacate the order granting automatic stay, arguing he did not receive the required notice of the filing of such motion. On November 1, 2010, the Bankruptcy Court reopened the case for the limited purpose of allowing Feehan to file his Financial Management Certificate. On November 8, 2010, prior to the hearing on Feehan's motion to vacate the order granting relief from stay, Feehan received a Chapter 7 discharge.

A hearing was nonetheless held on Feehan's motion to vacate the order granting relief from stay on November 18, 2010. At that time, the Bankruptcy Court denied the motion without prejudice because Feehan failed to properly serve such motion. Feehan re-filed and re-served his motion on December 20, 2010. At the January 20, 2011 hearing on Feehan's motion, the Bankruptcy Court denied the motion finding that even if PNC Bank failed to serve the CSD-1185, Feehan was aware of the deadline to respond to the motion for relief from stay. The Bankruptcy

Court further noted that the November 1, 2010 order reopening the case was only for the limited purpose of allowing Feehan to file his Certificate of Completion, such that there was no automatic stay in effect. As such, PNC Bank had already proceeded with the foreclosure sale.

Feehan filed his notice of appeal of the Bankruptcy Court's order on February 3, 2011.

## *Discussion*

An order granting or denying a motion for relief from the automatic stay is a final, appealable order.  Centofante v. CBJ Development, Inc., 202 B.R. 467, 469 (9th Cir. BAP 1996). Generally, a Bankruptcy Court's decision to grant relief from the automatic stay is reviewed for an abuse of discretion.  Kronemeyer v. Am. Contractors Indem. Co., 405 B.R. 915, 918 (9th Cir. BAP 2009).  Contentions that present an issue of law are reviewed *de novo*.  Id.

Feehan's sole contention in this appeal is that PNC Bank's failure to serve the form CSD-1185 along with its motion for relief from the automatic stay deprived the Bankruptcy Court of jurisdiction to decide such motion.  Feehan relies on cases discussing the need for proper service of process in a civil suit under Fed. R. Civ. P. 4.  He argues that because a debtor typically stands to lose a major asset if the motion for relief from the automatic stay is granted, due process requires the form be served.

There are significant differences between a notice of motion, required to be provided under the Bankruptcy Rules, and a summons in a civil action notifying a party of the initiation of a lawsuit against him or her.  As the Debtor, Feehan knew of the pendency of the bankruptcy proceeding and had access to all of the records and proceedings before the Bankruptcy Court. Feehan himself invoked the jurisdiction of the Bankruptcy Court, and PNC Bank's alleged failure to provide the required notice of motion did not deprive the Bankruptcy Court of its jurisdiction to decide the matters before it.

More importantly, both Feehan's motion to vacate the order relieving PNC Bank from the automatic stay, and the current appeal of the denial of that motion, are moot.  Section 362 of the Bankruptcy Code creates an automatic stay upon the filing of a bankruptcy petition.  11 U.S.C. § 362(a).  However, the automatic stay expires when a case is closed or when a discharge is granted.  11 U.S.C. § 362(c)(2)(A) and (C).  At the time of the hearing on the motion to vacate the

1  relief from stay order, there was no automatic stay in effect.  The bankruptcy case was closed on
2  September 22, 2010, and was reopened thereafter for the limited purpose of allowing Feehan to
3  file his Certificate of Completion.  Feehan received a Chapter 7 discharge on November 8, 2010.
4  Therefore, by operation of statute, there was no automatic stay in effect beginning on
5  September 22, 2010.  Although Feehan filed a motion to set aside the relief from stay order, he did
6  not request injunctive relief pending hearing on his motion.  In fact, it appears from the record that
7  the foreclosure sale went forward before Feehan filed his motion to set aside the relief from stay
8  order.  [Appellee's Index, p.158.]  Because there is no effective relief the Court can grant, the
9  appeal is moot.  Onouli-Kona Land Co. v. Richards, 846 F.2d 1170, 1172 (9th Cir. 1988) (under
10 bankruptcy's mootness rule, where an appellant has failed to obtain a stay from an order that
11 permits a sale of assets, the subsequent appeal is rendered moot).

### *Conclusion*

13 For the reasons set forth herein, Feehan's appeal of the Bankruptcy Court's order denying
14 his motion to vacate the relief from stay order is DENIED as moot.  The Clerk may close this case.

15 **IT IS SO ORDERED**.

16 **DATED:  August 2, 2011**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**